**FENG ZI WANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, Alberto R. Gonzales,[1] Respondent.**

**No. 03–40376–ag.**

United States Court of Appeals, Second Circuit.

June 5, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Yee Ling Poon and Deborah Niedermeyer, Law Offices of Yee Ling Poon, New York, NY, for Petitioner.

Margaret M. Chiara, United States Attorney for the Western District of Michigan, Donald A. Davis, Assistant United States Attorney, Grand Rapids, MI, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. JON O. NEWMAN and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Feng Zi Wang petitions for review of the July 2003 BIA order affirming Immigration Judge ("IJ") Roxanne Hladylowcyz's decision denying Wang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This court reviews the agency's factual findings under the substantial-evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). However, when applying "legal principles to undisputed facts," this court reviews the agency decision de novo. *Guan Shan Liao v. United States,* 293 F.3d 61, 66 (2d Cir.2002).

Contrary to Wang's contentions, the IJ made an explicit, valid credibility determination when the IJ "deemed" Wang not credible. *See* BLACK'S LAW DICTIONARY (8th ed.2004) (defining "deem" to mean, inter alia, "[t]o consider, think, or judge"). Moreover, substantial evidence supports the IJ's conclusion that Wang's testimony was "not consistent," "not credible," and "not sufficiently detailed [or] believable" because Wang testified inconsistently regarding when she was informed that she was required to have an IUD inserted and presented an implausible narrative regarding how the doctor determined she was pregnant. Because the IJ permissibly found that Wang lacked credibility, the IJ was also entitled to reject Wang's assertion that the abortion was forced and therefore find that Wang was not eligible for asylum and withholding of removal. Finally, the IJ correctly denied Wang's application for CAT relief because Wang failed to establish that it was more likely than not that she would be tortured if she was returned to China.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of deportation that the court previously granted in this proceeding is VACATED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).